IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:08-CR-00073-05 |
| | : | |
| **v.** | : | |
| | : | |
| **JONATHON LEE CABALLERO.** | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is Defendant Jonathan Lee Caballero's ("Defendant") *pro se* motion to correct sentence under 28 U.S.C. § 2255 and counseled supplemental motion based on the application of *United States v. Davis*, 139 S. Ct. 2319 (2019). (Docs. 439, 441). For the reasons set forth below, the motions will be denied.

## I.     BACKGROUND

On February 20, 2008, a federal grand jury returned a 14-count indictment against Defendant and others. (Doc. 1). As relevant to the Defendant's § 2255 motion, the indictment charged him with the following criminal counts: possessing, using, carrying, brandishing, and discharging a firearm in furtherance of a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and § 2 ("Count 2"); bank robbery by force, violence, or intimidation in connection with an incident at Citizens Bank in York, Pennsylvania on December 5, 2007, in violation of 18 U.S.C. § 2113(a) and § 2 ("Count 3"); and attempted bank robbery by force, violence, or intimidation in connection with an incident that occurred at Northwest Savings Bank in York, Pennsylvania on December 5, 2007, in violation

1

of 18 U.S.C. § 2113(a) and § 2 ("Count 4"). (*Id.*) On August 18, 2008, pursuant to the terms of a written plea agreement (the "Plea Agreement"), Defendant pleaded guilty to Counts 2 and 4. (Doc. 150). The Court then sentenced Defendant to a 177-month term of imprisonment on January 12, 2009. (Doc. 247). The Defendant's sentence comprised of a 57-month term of imprisonment with respect to Count 4 and a 120-month term of imprisonment with respect to Count 2, to be served consecutively to Count 4. (*Id.*)

On May 17, 2016, Defendant filed his first Section 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 346). The Court ultimately denied this motion, however, on February 21, 2017. (Docs. 378, 379). Defendant subsequently filed a *pro se* motion to vacate under § 2255 on May 14, 2020. (Doc. 439). Relying on *United States v. Davis*, 139 S. Ct. 2319 (2019), Defendant then filed a counseled supplemental § 2255 motion on June 23, 2020. (Doc. 441). On November 10, 2020, the Government filed a brief in opposition to the Defendant's § 2255 motion. (Doc. 456). Defendant filed a reply on November 13, 2020, bringing this case to its present procedural posture. (Doc. 459).

## II.    JURISDICTION

As Defendant brings his motion under 28 U.S.C. § 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The court also has jurisdiction pursuant to 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

### III. STANDARD OF REVIEW

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice."

3

*United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b). Generally, the petitioner carries the burden of proof in § 2255 proceedings. *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

## IV.  DISCUSSION

In his Section 2255 motion,[1] Defendant seeks to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. § 924(c). (Docs. 439, 441). Under § 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property

---

[1] As discussed *supra*, Defendant filed a *pro se* § 2255 motion based upon the applicability of *Davis*. In response, the Court issued Standing Order 19-08 and appointed the Federal Public Defender's Office to represent Defendant regarding this matter. (Doc. 440). Therefore, to the extent that the *pro se* motion and counseled motion raise similar grounds for relief, the Court considers them as a single motion.

4

of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

On June 24, 2019, the Supreme Court held that the residual clause of the definition of a crime of violence, enumerated at § 924(c)(3)(B), was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Accordingly, following *Davis*, a conviction under § 924(c) can only stand if predicated on a crime of violence under the elements clause. *United States v. Walker*, --- F.3d ----, No. 15-4062, 2021 WL 833994, at *5 (3d Cir. Mar. 5, 2021). The *Davis* Court further established that the categorical approach[2] is to be used upon evaluating whether a conviction is a crime of violence under this provision. *Id.* (citing *Davis*, 129 S. Ct. at 2328).

---

[2] Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§ 924(c)] definition of 'crime of violence.'" *United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction." *United States v. Lewis*, 720 F. App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing *Wilson*, 880 F.3d at 84); *see also Walker*, 2021 WL 833994 at *5 (noting that, under the categorical approach, the court "must ask whether the minimum conduct [criminalized] qualifies as a crime of violence.").

5

The Defendant's brief claims that, pursuant to the categorical approach, either attempt to commit bank robbery or aiding and abetting armed bank robbery form the basis of his § 924(c) conviction. (Doc. 441, at 7). As Defendant contends that neither of these offenses categorically constitute crimes of violence under § 924(c)(3)(A), he asserts that his conviction as to Count 2 must be vacated. (*Id.* at 7-15). In response, the Government argues that the language of the Indictment expressly alleges that bank robbery in violation of 18 U.S.C. § 2113(a) predicates Defendant's § 924(c) conviction. (Doc. 456, at 6). The Government alternatively submits that, even if the Defendant's § 924(c) conviction was based on attempted bank robbery or aiding and abetting bank robbery, these offenses nonetheless constitute crimes of violence under the elements clause. (*Id.* at 14).

After careful consideration, the Court agrees with the Government. The United States Court of Appeals for the Third Circuit has unequivocally held that bank robbery under 18 U.S.C. § 2113(a) qualifies as a predicate crime of violence for the purposes of § 924(c). *See United States v. Wilson*, 880 F.3d 80, 84-85 (3d Cir. 2018); *United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018). Further, after the Parties filed their briefs, the Third Circuit addressed the issue of whether an *attempt* to commit a crime of violence is itself a crime of violence under the elements clause. *See United States v. Walker*, --- F.3d ----, No. 15-4062, 2021 WL 833994 (3d Cir. Mar. 5, 2021). Specifically, the Third Circuit considered the

legislative intent behind § 924(c) and determined that "Congress meant for all attempted crimes of violence to be captured by the elements clause of § 924(c). . . ." *Id.* at *9. The Third Circuit also interpreted the meaning of "attempted use," as provided in the language of the elements clause, and clarified that it encompassed attempt offenses. *Id.* at *10.

Here, insofar as Defendant asserts that his § 924(c) conviction hinged on the least culpable act of attempted robbery, *Walker* forecloses the argument that this offense is not a viable § 924(c) predicate under the elements clause. *See id.*, at *1 ("Given the language of § 924(c) and the clear congressional intent behind it . . . an attempt to commit a crime of violence does categorically qualify as a crime of violence under that statute."). Additionally, although the Third Circuit has yet to rule on the matter in a precedential opinion, several courts within this circuit have held that aiding and abetting robbery constitutes a crime of violence in accordance with § 924(c)(3)(A). *See e.g., United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (non-precedential) ("It does not matter whether [Defendant] was convicted as a principal or as an aider or abettor to Hobbs Act robbery[3] because, under the aiding

---

[3] The Court recognizes that, unlike the defendant in *McKelvey*, Defendant was neither charged with nor convicted of Hobbs Act robbery. (Docs. 1, 247). However, upon considering whether aiding and abetting Hobbs Act robbery met the statutory criteria for a crime of violence under § 924(c)(3)(A), the *McKelvey* court reasoned that "[a]iding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'" 773 F. App'x at 75. The court thus concluded that a conviction for aiding and abetting a crime is treated the same as a conviction for the crime. *Id.* Even though *McKelvey* addressed a different substantive offense than the one at issue here, the

and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal."); *United States v. Green*, 467 F. Supp. 3d 252, 259 (M.D. Pa. 2020) (holding that armed robbery conviction was a crime of violence because "[s]ection 924(c)'s elements clause does not differentiate between principal, aider and abettor, and vicariously liable coconspirator."); *Dupree v. United States*, No. 1:08-CR-00170, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020) (holding that, even if the defendant's underlying crime of violence rested on "aiding and abetting armed bank robbery, that offense . . . constitutes a predicate crime of violence sufficient to support a Section 924 (c) conviction. . . ."). Finding no reason to depart from the rationale supporting these decisions, the Court similarly finds that aiding and abetting bank robbery "has an element the use, attempted use, or threatened use of physical force against the person of another[.]" *See* 18 U.S.C. § 924(c)(3)(A). Accordingly, regardless of whether Count 2 was predicated on a completed bank robbery (as charged in Count 3 of the Indictment), an attempted bank robbery, or aiding and abetting bank robbery, each of these offenses satisfies the definition of a crime of violence under the elements clause of § 924(c). *See Johnson*, 899 F.3d at 202-04; *Walker*, 2021 WL 833994 at *1; *McKelvey*, 773 F. App'x at 75.

---

Court finds that its discussion of aiding and abetting liability is persuasive in the context of aiding and abetting bank robbery. *See Dupree v. United States*, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020) (citing *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016)). !

In sum, notwithstanding the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Defendant's conviction and consecutive mandatory minimum sentence under § 924(c) is valid. Therefore, Defendant is not entitled to relief from his conviction and consecutive sentence on Count 2 and the Court will deny his § 2255 motions.

## V. CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's *pro se* motion to vacate under 28 U.S.C. § 2255 and counseled supplemental motion. (Docs. 439, 441). The Court will also decline to issue a certificate of appealability, as Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2). An appropriate order shall follow.


        */s/ Sylvia H. Rambo*
        SYLVIA H. RAMBO
        United States District Judge

Dated: March 12, 2021